1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9 | DOUGLAS L. HOPPER,                       CASE NO. 1:10-cv-00055-GBC PC

10 |              Plaintiff,                 ORDER DISMISSING COMPLAINT, WITH
                                            LEAVE TO AMEND, FOR FAILURE TO STATE
11 |    v.                                  A CLAIM

12 | S. WRIGHT, et al.,                      (ECF. No. 1)

13 |              Defendants.               THIRTY-DAY DEADLINE

14

15 |                                    /

16 | **I.      Screening Requirement**

17        Douglas L. Hopper ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18 | in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is the

19 | complaint, filed January 11, 2010.

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22 | Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23 | "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

24 | monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

25        In determining whether a complaint states a claim, the Court looks to the pleading standard

26 | under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

27 | plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

28 | "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

1    demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

2    Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

3    (2007)).

4         Under section 1983, Plaintiff must demonstrate that each defendant personally participated

5    in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

6    the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

7    at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

8    pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

9    between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

10   Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

11   contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

12   S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

14   **II.      Complaint Allegations**

15        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

16   is currently incarcerated at High Desert State Prison. Plaintiff brings this suit alleging Defendants

17   S. Wright, Fernando Gonzalez (Warden), B. Sanders, J. G. Lopez, Singleton, R. Cruz, and E. Noyce

18   violated his rights under the Eighth Amendment to be free of cruel and unusual punishment by

19   denying him his legal and personal property in violation of the California Penal Code and California

20   Code of Regulations Title 15. He is seeking $5,000 and costs. (Compl. 8-9, ECF No. 1.)

21        On May 1, 2007, while housed at Pleasant Valley State Prison, Plaintiff was placed in

22   administrative segregation. (Id., ¶ 12.) In June 2007, Defendant Singleton noticed discrepancies on

23   the property inventory sheet, as it was missing the signature, date, and Plaintiff's prison identification

24   number. (Id., ¶ 13.) Plaintiff was advised by Defendant Singleton that some food items he had

25   received prior to being placed in administrative segregation were missing. (Id., ¶ 14.) Due to these

26   issues, Plaintiff was not given any of his property and was informed he needed to file an inmate

27   appeal. (Id., ¶ 15.)

28        Plaintiff submitted an inmate appeal on June 19, 2007. (Id., ¶ 16.) Plaintiff was contacted

1    by Defendant J. G. Lopez on July 25, 2007, and informed that the investigation into his missing

2    property was completed and he would be receiving compensation for his lost property, as well as for

3    damage to his television screen that occurred during the storage and inventory process.  (Id., ¶ 19.)

4    On September 17, 2007, prior to receiving compensation for the property, Plaintiff was transferred

5    to the California Correctional Institution in Tehachapi, California.  (Id., ¶ 20.)

6          On October 26, 2007, Plaintiff was contacted by Defendant Lopez and informed that the

7    replacement items had been received and his memo and the granted appeal would be sent to Plaintiff.

8    (Id., ¶ 21.)  In November 2007, Plaintiff attempted to file an inmate grievance regarding the delay

9    in receiving his property, which Defendant R. Cruz refused to accept.  (Id., ¶ 22.)  Plaintiff sent a

10   letter to Defendant Fernando Gonzales and complained to Defendant B. Sanders regarding the delay

11   in receiving his property.  (Id., ¶¶ 23, 24.)  On December 7, 2007, Plaintiff received some of his

12   property, but was told by Defendant Cruz that some of his property was missing.  Plaintiff was also

13   provided with a list of non-allowable property and told that he could send the property home, donate

14   it to the institution, or request it be destroyed.  (Id., ¶ 25.)  Plaintiff was told that his property violated

15   the allowable property limits and Plaintiff complained that the non-allowable property included

16   "vital legal documents."  (Id., ¶¶ 25, 26.)  Plaintiff was told that he would be given fifty days to

17   acquire the funds to send the property home.  (Id., ¶ 27.)  Five days later, on December 24, 2007,

18   Plaintiff received notice from Defendant Cruz that his fifty days had expired.  (Id., ¶ 29.)

19         Plaintiff filed an appeal and was informed that his property was destroyed on December 18,

20   2007, because he did not have funds available to mail the property home.  (Id., ¶ 31.)  Plaintiff's

21   appeal was denied and he was denied access to his legal materials.  (Id., ¶ 40.)  Plaintiff states that

22   the institution did not follow the procedures outlined in Title 15, Defendant Lopez defrauded him

23   by replacing items that were in violation of property limits, and by being denied access to his legal

24   documents he was denied access to the courts and had three active court cases dismissed.  (Id., ¶¶

25   41-46.)  Additionally, Plaintiff was denied his personal property for an extraordinary amount of time

26   in violation of California Penal Code, Section 2601(a).  (Id., ¶ 48.)

27         For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.

28   Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

1  described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff

2  with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the

3  standards and amend only those claims that he believes, in good faith, are cognizable.

4  **III.    Discussion**

5      **A.      Deprivation of Property**

6      Plaintiff alleges that his property was destroyed without allowing him ninety days to obtain

7  the funds to mail the property to his sister.  While an authorized, intentional deprivation of property

8  is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized

9  deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is

10  available for the loss.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521,

11  1524 (9th Cir. 1984).  Plaintiff alleges that his property was damaged and/or lost in the transfer

12  between institutions.  Whether the cause of the property loss or damage was intentional and

13  unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy

14  available to Plaintiff.  Hudson, 468 U.S. at 533.  Plaintiff has an adequate post-deprivation remedy

15  available under California law.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal.

16  Gov't Code §§ 810-895).

17      **B.      Access to the Courts**

18      Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

19  U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010).  The right is merely the

20  right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal

21  appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  To bring a claim, the

22  plaintiff must have suffered an actual injury by being shut out of court.  Christopher v. Harbury, 536

23  U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.  Although Plaintiff alleges that he had three cases

24  dismissed due to being deprived of his legal property, he fails to state if the cases were the type

25  included in his right to access the court.  Lewis, 518 U.S. at 354.

26      **C.      Cruel and Unusual Punishment**

27      Plaintiff alleges he was subjected to cruel and unusual punishment in violation of the Eighth

28  Amendment.  To prove a violation of the Eighth Amendment the plaintiff must "objectively show

1   that he was deprived of something 'sufficiently serious,' and make a subjective showing that the

2   deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v.

3   Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires

4   a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates

5   health or safety and that there was no "reasonable justification for the deprivation, in spite of that

6   risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).  The circumstances, nature,

7   and duration of the deprivations are critical in determining whether the conditions complained of are

8   grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d

9   726, 731 (9th Cir. 2006).  Plaintiff's allegations fail to allege that he was deprived of something

10  sufficiently serious to state a cognizable claim.

11      **D.      Defendant Liability**

12      Plaintiff brings this action against Fernando Gonzales, Warden of the California Correctional

13  Institution, "where the illegal acts occurred," ECF No. 1, ¶ 3, and B. Sanders who was responsible

14  for the day to day operations of the facility, id., ¶ 4.  Government officials may not be held liable for

15  the actions of their subordinates under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.

16  Since a government official cannot be held liable under a theory of vicarious liability for section

17  1983 actions, Plaintiff must plead that the official has violated the Constitution through his own

18  individual actions.  Id. at 1948.  In other words, to state a claim for relief under section 1983,

19  Plaintiff must link each named defendant with some affirmative act or omission that demonstrates

20  a violation of Plaintiff's federal rights.

21      **E.      Grievance Process**

22      The prison grievance procedure does not confer any substantive rights upon inmates and

23  actions in reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley v.

24  Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  "Only persons who cause or participate in the violations

25  are responsible.  Ruling against a prisoner on an administrative complaint does not cause or

26  contribute to the violation." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations

27  omitted).

28  ///

1    **F.    Title 15 Violations**

2          Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant

3    of some right, privilege, or immunity protected by the Constitution or laws of the United States."

4    Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535

5    (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)). "To the extent

6    that the violation of a state law amounts to the deprivation of a state-created interest that reaches

7    beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v.

8    Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch.

9    Dist., 90 F.3d 367, 370 (9th Cir. 1996). There is not a single reported case giving an independent

10   cause of action  for violation of Title 15 regulations. See Davis v. Kissinger, No. CIV S-04-0878

11   GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3, 2009). Nor is there any liability under

12   section 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009)

13   (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

14   **G.    State Law Claims**

15         Plaintiff alleges violations of state regulations. The Tort Claims Act requires that a tort claim

16   against a public entity or its employees be presented to the California Victim Compensation and

17   Government Claims Board, formerly known as the State Board of Control, no more than six months

18   after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West

19   2010). Presentation of a written claim, and action on or rejection of the claim are conditions

20   precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004);

21   Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a

22   public employee, a plaintiff must allege compliance with the Tort Claims Act. Cal. Gov't Code §

23   950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with

24   the requirement subjects a compliant to general demurrer for failure to state a cause of action."

25   Bodde, 90 P.3d at 120. If Plaintiff chooses to amend his complaint and include the state law claims

26   he will need to allege facts sufficient to show he has complied with the requirements of the

27   California Tort Claim Act.

28   ///

**H.**    **California Penal Code**

Plaintiff alleges a violation of California Penal Code Section 2601(a) which provides that inmates have a right "to inherit, own, sell, or convey real or personal property. . . ." However, California courts have decided that neither section 2600 or 2601 establish any right of an inmate to possess property in prison. In re Alcala, 222 Cal.App.3d 345, 372 (1990).

**IV.**    **Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed January 11, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

7

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     February 14, 2011                                   

UNITED STATES MAGISTRATE JUDGE