1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10 | DOUGLAS L. HOPPER,                          CASE NO: 1:12-cv-00349-LJO-GBC (PC)

11 |                   Plaintiff,                 ORDER TO SHOW CAUSE AS TO WHY
   |                                             THIS ACTION SHOULD NOT BE
12 |      v.                                      DISMISSED, WITH PREJUDICE, FOR
   |                                             FAILURE TO STATE A CLAIM AND AS
13 | S. WRIGHT, et al.,                          BARRED BY RES JUDICATA

14 |                   Defendants.
   |                                    / THIRTY DAY DEADLINE
15

16                          **I. Introduction**

17        On January 11, 2010, Douglas L. Hopper ("Plaintiff"), a state prisoner proceeding pro se and

18 in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On February

19 15, 2011, the Court dismissed Plaintiff's civil rights complaint with leave to amend. Doc. 9. On

20 April 29, 2011, Plaintiff filed a first amended complaint. Doc. 14. Upon review of Plaintiff's first

21 amended complaint, the Court finds that this action be dismissed, with prejudice, based on Plaintiff's

22 failure to state any claims upon which relief may be granted under § 1983 and as barred by res

23 judicata.

24          **II. Plaintiff's First Amended Complaint Fails to State a Claim**

25                          **A. Screening Standard**

26        The Court is required to screen complaints brought by prisoners seeking relief against a

27 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

28 Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

3   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6       A complaint must contain "a short and plain statement of the claim showing that the pleader

7   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

8   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

9   do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*

10  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge

11  unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While

12  factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

13      While prisoners proceeding pro se in civil rights actions are still entitled to have their

14  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is

15  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must

16  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*

17  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations

18  sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*

19  *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting

20  this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

21                          **B. Allegations in Plaintiff's Case**

22      On January 11, 2010, Plaintiff filed a one hundred and eighty-one page complaint alleging

23  denial of his legal and personal property against Defendants S. Wright, facility captain of the CDCR;

24  Fernando Gonzales, Warden of California Correctional Institution, Tehachapi, California ("CCI");

25  B. Sanders, correctional lieutenant at CCI; J.G. Lopez, correctional sergeant at Pleasant Valley State

26  Prison ("PVSP"); Correctional Officer Singleton, property officer at PVSP; R. Cruz, property officer

27  at CCI; E. Noyce, correctional sergeant at CCI; and Doe Defendants. Compl. at 8-9, Doc. 1.

28      On April 29, 2011, Plaintiff filed a first amended complaint alleging denial of his legal and

1    personal property against Defendants  R. Cruz, property officer at CCI; J.G. Lopez, correctional

2    sergeant at PVSP; and Doe Defendant, correctional officer assigned to Investigative Service Unit at

3    PVSP. Am. Compl. at 6, Doc. 14.

4         In Plaintiff's first amended complaint, Plaintiff alleges that on May 1, 2007, Plaintiff was

5    placed in administrative segregation in PVSP due to an alleged prison escape plan. *Id.* On June 19,

6    2007, Doe Defendant placed Plaintiff's personal property in storage, and Officer Singleton noted

7    Plaintiff's missing personal property. *Id.* at 7. On June 19, 2007, Plaintiff submitted an inmate appeal

8    to J.C. Smith, supervisor for Pleasant Valley investigative services unit. *Id.* On July 25, 2007,

9    Sergeant J.G. Lopez notified Plaintiff that they completed their investigation and determined the

10   officers were responsible for Plaintiff's missing property and they would be compensating Plaintiff.

11   *Id.* at 8. On September 17, 2007, Plaintiff was transferred to CCI. *Id.* On October 26, 2007, Sgt.

12   Lopez told Plaintiff to stop his family members from complaining about the loss of property. *Id.* at

13   9. On November 18, 2007, Plaintiff mailed a complaint letter to Warden Fernando Gonzales of CCI

14   due to the delay of R. Cruz in issuing Plaintiff his property. *Id.* at 10. On December 6, 2007, Lt. B.

15   Sanders told Plaintiff he would be issued his property on the following day. *Id.* On December 7,

16   2007, R. Cruz brought Plaintiff his property, they had a heated exchange, and Plaintiff told

17   Defendant Cruz he still had missing property. *Id.* at 10-11. Defendant Cruz told Plaintiff he could

18   not have all his legal property or his personal property that is beyond the property limits, i.e., 114

19   Top Ramen, 12-Cup of Soup, 13 bars of soap, 9 bottles of shampoo, and 14 toothpaste. *Id.* On

20   December 28, 2007, Plaintiff submitted an inmate appeal to request his legal property and that his

21   personal property be held until he was told the postage cost to send it to his sister. *Id.* at 13. On

22   January 7, 2008, Defendant Cruz responded to Plaintiff's appeal, advising that Plaintiff that he had

23   been afforded over fifty days to acquire the funds to mail his property home, and since Plaintiff did

24   not have the funds, his property was destroyed on December 18, 2007. *Id.* On January 10, 2008,

25   Plaintiff submitted his appeal to formal level review. *Id.* On January 28, 2008, Sgt. Noyce denied

26   Plaintiff's appeal at the first level. *Id.* at 14. On February 19, 2008, Warden M. Carrasco denied

27   Plaintiff's appeal at the second level. *Id.* On June 5, 2008, S. Wright denied Plaintiff's appeal at the

28   Director's third level review, and N. Grannis, Chief of Inmate Appeals signed the denial. *Id.* at 15.

1    Plaintiff alleges emotional distress at loss of personal photographs and a manuscript he

2  worked on for three years. *Id.* at 18. Plaintiff alleges loss of records for his criminal habeas case and

3  $1,000 in personal property. *Id.* Plaintiff was prevented from using the law library to timely file a

4  claim with the Victim Compensation Board. *Id.* at 19. Plaintiff alleges he is not seeking money or

5  damages but injunctive relief in the form of return of his personal and legal property and an order

6  directing the CDCR to provide inmates with sixty days to mail personal property to family. *Id.* at 19

7  & 21. Plaintiff alleges cruel and unusual punishment. *Id.* at 20.

8                                   **C. Deprivation of Property**

9    The Due Process Clause protects prisoners from being deprived of property without due

10  process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected

11  interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However,

12  while an authorized, intentional deprivation of property is actionable under the Due Process Clause,

13  *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455

14  U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor

15  unauthorized intentional deprivations of property by a state employee "constitute a violation of the

16  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

17  postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.  California provides such

18  a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

19    Plaintiff seeks injunctive relief in the form of the return of his property, but he states in his

20  complaint that his property has been destroyed. Therefore, the Court cannot provide Plaintiff's

21  requested relief. In the absence of a viable claim based on the deprivation of his property, Plaintiff

22  may not seek an injunction mandating the return of the property. 18 U.S.C. § 3626(a)(1)(A);

23  *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff also seeks an order directing

24  the CDCR to provide inmates with sixty days to mail personal property to family. The Court

25  recognizes that prison administrators "should be accorded wide-ranging deference in the adoption

26  and execution of policies and practices that in their judgment are needed to preserve internal order

27  and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321–322

28  (1986) ( quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970). Thus, Plaintiff's claim for injunctive

1    relief is not cognizable.

2          Plaintiff fails to state a § 1983 claim for deprivation of his property. Plaintiff alleges either

3    a negligent or unauthorized intentional deprivation of his property by a state employee. This is not

4    a violation of the Due Process Clause of the Fourteenth Amendment because California provides a

5    meaningful post-deprivation remedy for the loss. *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-

6    17.

7                    **D. First Amendment Right of Access to Courts**

8          Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518

9    U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of

10   access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and

11   is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354.

12   To bring a claim, a prisoner must have suffered an actual injury by being shut out of court.

13   *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588

14   F.3d 652, 655 (9th Cir. 2009).

15         Plaintiff fails to state a claim against any Defendants for First Amendment right to access the

16   courts. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered an actual injury

17   by being shut out of court.

18                    **E. Eighth Amendment Cruel and Unusual Punishment**

19         The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not

20   mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner's claim

21   of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1)

22   "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'"

23   and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391

24   F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)

25   (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong.

26   First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511

27   U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must

28   "know of and disregard an excessive risk to inmate health or safety . . . ." *Id.* at 837.

1    "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this

2    standard, the prison official must not only 'be aware of the facts from which the inference could be

3    drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

4    *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the

5    risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

6    risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

7         "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

8    Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v.*

9    *McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . .

10   . contextual and responsive to contemporary standards of decency." *Id.*

11        Plaintiff fails to state a claim against any Defendants for Eighth Amendment cruel and

12   unusual punishment. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered

13   injuries rising to a constitutional violation.

### III. Res Judicata

### A. Legal Standard

16        The doctrine of res judicata bars the re-litigation of claims previously decided on their merits.

17   *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res

18   judicata) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been

19   litigated, because of a determination that it should have been advanced in an earlier suit . . . " *Gospel*

20   *Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Migra v.*

21   *Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see Owens v. Kaiser Found. Health*

22   *Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims

23   that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to

24   establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity

25   between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v.*

26   *Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that

27   it has previously decided the issue presented, the court may dismiss the action sua sponte, even

28   though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided

1   that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at

2   1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata.

3   However, where "two parties are so closely aligned in interest that one is the virtual representative

4   of the other, a claim by or against one will serve to bar the same claim by or against the other."

5   *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993). "There is privity between officers

6   of the same government so that a judgment in a suit between a party and a representative of the

7   United States is *res judicata* in re-litigation of the same issue between that party and another officer

8   of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

9         The doctrine of res judicata is applicable to section 1983 actions. *Clark v. Yosemite Comm'y*

10   *College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986) (noting that there is no exception to the rules

11   of issue and claim preclusion for federal civil rights actions brought under 42 U.S.C. § 1983). The

12   doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits,

13   and (3) identity or privity between parties." *Id.*

14                             **B. Analysis**

15         Upon review of the complaint, the Court finds that this action is substantively identical to

16   the previously decided case that Plaintiff filed on September 14, 2009, *Hopper v. McDonald, et al.*,

17   2:09-cv-02563-KJM-GH, which was dismissed, with prejudice, on September 26, 2011, for failure

18   to state a claim.

19                     **1. Identity of Claims**

20         "Whether two events are part of the same transaction or series depends on whether they are

21   related to the same set of facts and whether they could conveniently be tried together." *Western Sys.,*

22   *Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines

23   the following criteria:

24

25           (1) whether rights or interests established in the prior judgment would
             be destroyed or impaired by prosecution of the second action; (2)
             whether substantially the same evidence is presented in the two

26           actions; (3) whether the two suits involve infringement of the same
             right; and (4) whether the two suits arise out of the same transactional

27           nucleus of facts.

28   *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these

1  criteria is the most important." *Id.* at 1202.

2  **a. Plaintiff's Allegations in the Previously Decided Case**

3  Prior to filing the complaint in the instant case, on September 14, 2009, *Hopper v.*

4  *McDonald, et al.*, 2:09-cv-02563-KJM-GH. In that action, Plaintiff filed a one hundred and thirty-

5  one page complaint, including exhibits, alleging denial of his legal and personal property against

6  Defendants Mike McDonald, Warden at High Desert State Prison ("HDSP"); Robert Ayers, Warden,

7  D.K. Downs, Sergeant Danna, Sission Stewart, R. Walton. *See Hopper v. McDonald*,

8  2:09-cv-02563-KJM-GH, Compl. at 1, Doc. 1. Plaintiff alleges that on May 1, 2007, Plaintiff was

9  transferred to administrative segregation at PVSP and his property was placed in storage. *Id.* at 16.

10  On September 17, 2007, Plaintiff was transferred to CCI and property officer Cruz illegally held

11  Plaintiff's personal and legal property. *Id.* at 17. On November 25, 2008, Plaintiff sent a letter to the

12  secretary of CDCR, Matthew L. Cate, regarding his missing legal property. *Id.* at 17-18. On

13  December 16, 2008, Plaintiff received a response from N. Grannis, Chief of Inmate Appeals in

14  Sacramento. *Id.* at 18. On March 3, 2009, Plaintiff was transferred from CCI to HDSP. *Id.*

15  On January 15, 2010, Plaintiff filed a seventy-eight page amended complaint, including

16  exhibits, alleging denial of his legal and personal property against Defendants R.K. Wong, Warden

17  at CSP Lancaster; D.K. Downs, Associate Warden at CSP Lancaster; and Uriel Gamboa, Daniel

18  Romero, Dan Hunter, M. Muniz, and Sgt. Danna, correctional officers at CSP Lancaster; C.A.

19  Collins, Appeals Coordinator at CSP Lancaster; N. Grannis, Chief of Inmate Appeals for the CDCR;

20  T. Kots, correctional counselor at HDSP; T. Robertson, Appeals Coordinator for HDSP; and

21  Matthew Cates, Secretary of the CDCR. *See Hopper v. McDonald*, 2:09-cv-02563-KJM-GH, Am.

22  Compl. at 3-5, Doc. 5. In Plaintiff's amended complaint, Plaintiff alleges that from January 2007

23  through May 1, 2007, Plaintiff was "stone-walled" by the PVSP correctional counselor. *Id.* at 14. On

24  May 1, 2007, Plaintiff was placed in ad-seg and became separated from all of his property. *Id.*

25  (emphasis in original). On September 17, 2007, Plaintiff was transferred from PVSP to CCI, where

26  his personal property was illegally detained and ultimately destroyed by corrections officer R. Cruz.

27  *Id.* at 14-15. R. Cruz is not a named defendant because Plaintiff is pursuing that matter

28  independently. *Id.* at 15. From December 2007 through August 2008, Plaintiff waged a difficult and

1  endless campaign to reacquire the documents destroyed by C/O R. Cruz. *Id.* On November 2, 2008,

2  Plaintiff sent a letter to N. Grannis, Chief of Inmate Appeals for CCI. *Id.* at 16. Plaintiff alleges that

3  Defendant N. Grannis, Chief of Inmate Appeals, failed to take action while Plaintiff was housed at

4  PVSP and CCI. *Id.* at 25. Plaintiff received notification from the Victim Compensation and

5  Government Claims Board with respect to his claim regarding lost or destroyed legal materials that

6  the issue would be better addressed through the court system. *Id.* at 13, 33. Plaintiff alleged that his

7  lack of access to his legal property denied him his First Amendment right to access the courts,

8  contributing to the dismissals of his federal habeas petitions. *Id.* at 21-25, 28-29. He alleged that his

9  due process and equal protection rights were violated and that he was subjected to cruel and unusual

10  punishment. *Id.* Plaintiff sought money damages. *Id.* at 30.

11  　　　　On September 26, 2011, the Court adopted findings and recommendations, granting

12  Defendants' motion to dismiss, for failure to state a claim. Doc. 36. In the findings and

13  recommendations, the Court found that Plaintiff's complaint failed to state a claim as to equal

14  protection, cruel and unusual punishment, first amendment denial of access to the courts, due process

15  for loss of personal property, and due process for grievance procedure. Doc. 34.

16  　　　　　　　　**b. Legal Standard for Res Judicata as to Alternate Legal Theories**

17  　　　　Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their

18  privies from relitigating issues that were or could have been raised in that action. *Dodd v. Hood*

19  *River County*, 59 F.3d 852, 863 (9th Cir. 1995). "Claim preclusion [ res judicata ] refers to the effect

20  of a judgment in foreclosing litigation of a matter that never has been litigated, because of a

21  determination that it should have been advanced in an earlier suit." *Migra*, 465 U.S. at 77 n.1. Claim

22  preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or

23  not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. IBEW*, 634

24  F.2d 453, 457 (9th Cir. 1980); *Lester v. NBC*, 217 F.2d 399, 400 (9th Cir.1954), *cert. denied*, 348

25  U.S. 954 (1955) ("a judgment's finality applies to facts which might have been pleaded with

26  reference to the same event as well as to those actually pleaded"); *Scoggin v. Schrunk*, 522 F.2d 436,

27  437 (9th Cir. 1975), *cert. denied*, 423 U.S. 1066 (1976) (res judicata bars "assertion of every legal

28  theory . . . that might have been raised" in first action); *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir.

1   1980) ("res judicata preclusion extends only to claims that arise out of the same 'cause of action'

2   asserted in the prior action").

3          A § 1983 cause of action may be dismissed as barred by res judicata if a prior court judgment

4   constituted a valid judgment on the merits. *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51

5   (9th Cir. 1986). Asserting a new legal theory for recovery in a subsequent action does not give rise

6   to a new cause of action; "[e]ven where there are multiple legal theories upon which recovery might

7   be predicated, one injury gives rise to only one claim of relief." *Id.* at 851.

8          Res judicata bars not only every claim that was raised in the prior court but also bars the

9   assertion of every legal theory or ground for recovery that might have been raised in support of the

10   granting of the desired relief, and a plaintiff cannot avoid the bar of claim preclusion merely by

11   alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory.

12   *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see, e.g.*, *Stewart v. U.S. Bancorp*,

13   297 F.3d 953, 957-58 (9th Cir. 2002) (holding that ERISA claim was barred where plaintiff's prior

14   action had been dismissed because his state law claim was preempted by ERISA and he had failed

15   to amend the prior complaint to state a valid ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916,

16   920 (7th Cir. 1987) (claim preclusion applies where single core of operative facts forms basis of both

17   lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until

18   adverse judgment was rendered on cause of action for employment discrimination); *Fleming v.*

19   *Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applies where

20   factual basis for Title VII claim is same as factual basis for § 1983 claim raised earlier; even though

21   legal theory is different, same wrong is sought to be vindicated in each instance and plaintiff could

22   have amended prior action to include Title VII claim).

23   **c. Plaintiff's Claims Arise from the Same Transactional Nucleus of Facts as his Prior Case**

24          In the instant case, Plaintiff's claims arise from the same transactional nucleus of facts as his

25   prior case of *Hopper v. McDonald, et al.*, 2:09-cv-02563-KJM-GH. In the instant case and the prior

26   cases, Plaintiff alleges denial of personal and legal property, related to his placement in

27   administrative segregation. *See Hopper v. S. Wright, et al.*, 1:10-cv-00055-GBC, Compl. at 8-9, Doc.

28   1; Am. Compl. at 6-11, 13-15, 18-21, Doc. 14; *see also Hopper v. McDonald, et al.*,

1    2:09-cv-02563-KJM-GH, Compl. at 1, 16-18, Doc. 1; Am. Compl. at 3-5, 14-15, 21-25, 28-30, Doc.

2    5. Indeed, both cases surround Plaintiff's appeals to N. Grannis for denial of his legal and personal

3    property, and Plaintiff raises the same constitutional claims in both cases. In fact, the Court in

4    *Hopper v. McDonald* noted in its findings Plaintiff had not named R. Cruz in his complaint because

5    Plaintiff was pursuing his allegations against R. Cruz "independently." F&R at 5, Doc. 34.

6        Plaintiff's complaint in the instant case arises from the same transactional nucleus of facts

7    as his prior case, i.e.,denial of personal and legal property, related to his placement in administrative

8    segregation. Therefore, the claims in the instant case are barred by res judicata.

9                    **2. Final Judgment on the Merits**

10       On September 26, 2011, the Court adopted findings and recommendations, granting

11    Defendants' motion to dismiss, for failure to state a claim. *Hopper v. McDonald, et al.*,

12    2:09-cv-02563-KJM-GH, Doc. 36.

13       The Court concludes that the instant case, *Hopper v. S. Wright, et al.*, 1:10-cv-00055-GBC,

14    stems from the claims which were previously litigated in *Hopper v. McDonald, et al.*,

15    2:09-cv-02563-KJM-GH. "Supreme Court precedent confirms that a dismissal for failure to state a

16    claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies. *Federated*

17    *Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)." *Stewart*, 297 F.3d at 957.

18                     **3. Privity Between Parties**

19       The named Defendants in the instant case, S. Wright, facility captain of the CDCR; Fernando

20    Gonzales, Warden of CCI; B. Sanders, correctional lieutenant at CCI; J.G. Lopez, correctional

21    sergeant at PVSP; Correctional Officer Singleton, property officer at PVSP; R. Cruz, property officer

22    at CCI; E. Noyce, correctional sergeant at CCI; and Doe Defendants, are in privity with the named

23    Defendants in the prior case, Mike McDonald, Warden at HDSP; Robert Ayers, Warden, Sission

24    Stewart, R. Walton, R.K. Wong, Warden at CSP Lancaster; D.K. Downs, Associate Warden at CSP

25    Lancaster; and Uriel Gamboa, Daniel Romero, Dan Hunter, M. Muniz, and Sgt. Danna, correctional

26    officers at CSP Lancaster; C.A. Collins, Appeals Coordinator at CSP Lancaster; N. Grannis, Chief

27    of Inmate Appeals for the CDCR; T. Kots, correctional counselor at HDSP; T. Robertson, Appeals

28    Coordinator for HDSP; and Matthew Cates, Secretary of the CDCR as the Defendants in both cases

1    are employees of the CDCR. *See Nordhorn*, 9 F.3d at 1405; *see also Sunshine Anthracite Coal Co.*,

2    310 U.S. at 402-03; *Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007).

3     1988)).

### IV. Conclusion

5    Plaintiff's first amended complaint fails to state any claims upon which relief may be granted.

6    Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he

7    was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v.*

8    *Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds

9    that further leave to amend is not warranted.

10    Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court finds that this action

11    should be dismissed, with prejudice, based on Plaintiff's failure to state any claims upon which relief

12    may be granted under § 1983.

13    The Court finds that the claims in the previously decided case of *Hopper v. McDonald, et al.*,

14    2:09-cv-02563-KJM-GH, and the instant case of *Hopper v. S. Wright, et al.*, 1:10-cv-00055-GBC,

15    involve the same transactional nucleus of facts against the same Defendants in privity, alleging

16    denial of personal and legal property, related to his placement in administrative segregation.

17    Therefore, the Court  finds that this action should be dismissed, with prejudice, as barred by res

18    judicata and duplicative of *Hopper v. McDonald, et al.*, 2:09-cv-02563-KJM-GH.

19    Based on the foregoing, it is HEREBY ORDERED that within **thirty (30) days** of the service

20    of this order, Plaintiff SHALL SHOW CAUSE as to why this action should not be dismissed, with

21    prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under §

22    1983 and as barred by res judicata.

23

24    IT IS SO ORDERED.

25

Dated:      March 21, 2012

26                                                    UNITED STATES MAGISTRATE JUDGE

27

28