# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS L. HOPPER, | CASE NO: 1:10-cv-00055-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND AS BARRED BY RES JUDICATA |
| v. | |
| S. WRIGHT, et al., | |
| Defendants. | |
| / | Doc. 14 |

## I. Introduction

On January 11, 2010, Douglas L. Hopper ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging deprivation of property. Doc. 1. On February 15, 2011, the Court dismissed Plaintiff's civil rights complaint with leave to amend. Doc. 9. On April 29, 2011, Plaintiff filed a first amended complaint. Doc. 14. On March 21, 2012, the Court issued an order to show cause as to why this action should not be dismissed, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983 and as barred by res judicata. Doc. 15. On May 4, 2012, Plaintiff filed a response to the order to show cause. Doc. 19.

## II. Plaintiff's First Amended Complaint Fails to State a Claim

### A. Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

### B. Allegations in Plaintiff's Case

On January 11, 2010, Plaintiff filed a one hundred and eighty-one page complaint alleging denial of his legal and personal property against Defendants S. Wright, facility captain of the CDCR; Fernando Gonzales, Warden of California Correctional Institution, Tehachapi, California ("CCI"); B. Sanders, correctional lieutenant at CCI; J.G. Lopez, correctional sergeant at Pleasant Valley State Prison ("PVSP"); Correctional Officer Singleton, property officer at PVSP; R. Cruz, property officer at CCI; E. Noyce, correctional sergeant at CCI; and Doe Defendants. Compl. at 8-9, Doc. 1.

On April 29, 2011, Plaintiff filed a first amended complaint alleging denial of his legal and personal property against Defendants R. Cruz, property officer at CCI; J.G. Lopez, correctional sergeant at PVSP; and Doe Defendant, correctional officer assigned to Investigative Service Unit at PVSP. Am. Compl. at 6, Doc. 14.

In Plaintiff's first amended complaint, Plaintiff alleges that on May 1, 2007, Plaintiff was placed in administrative segregation in PVSP due to an alleged prison escape plan. *Id.* On June 19, 2007, Doe Defendant placed Plaintiff's personal property in storage, and Officer Singleton noted Plaintiff's missing personal property. *Id.* at 7. On June 19, 2007, Plaintiff submitted an inmate appeal to J.C. Smith, supervisor for Pleasant Valley investigative services unit. *Id.* On July 25, 2007, Sergeant J.G. Lopez notified Plaintiff that they completed their investigation and determined the officers were responsible for Plaintiff's missing property and they would be compensating Plaintiff. *Id.* at 8. On September 17, 2007, Plaintiff was transferred to CCI. *Id.* On October 26, 2007, Sgt. Lopez told Plaintiff to stop his family members from complaining about the loss of property. *Id.* at 9. On November 18, 2007, Plaintiff mailed a complaint letter to Warden Fernando Gonzales of CCI due to the delay of R. Cruz in issuing Plaintiff his property. *Id.* at 10. On December 6, 2007, Lt. B. Sanders told Plaintiff he would be issued his property on the following day. *Id.* On December 7, 2007, R. Cruz brought Plaintiff his property, they had a heated exchange, and Plaintiff told Defendant Cruz he still had missing property. *Id.* at 10-11. Defendant Cruz told Plaintiff he could not have all his legal property or his personal property that is beyond the property limits, i.e., 114 Top Ramen, 12-Cup of Soup, 13 bars of soap, 9 bottles of shampoo, and 14 toothpaste. *Id.* On December 28, 2007, Plaintiff submitted an inmate appeal to request his legal property and that his personal property be held until he was told the postage cost to send it to his sister. *Id.* at 13. On January 7, 2008, Defendant Cruz responded to Plaintiff's appeal, advising that Plaintiff that he had been afforded over fifty days to acquire the funds to mail his property home, and since Plaintiff did not have the funds, his property was destroyed on December 18, 2007. *Id.* On January 10, 2008, Plaintiff submitted his appeal to formal level review. *Id.* On January 28, 2008, Sgt. Noyce denied Plaintiff's appeal at the first level. *Id.* at 14. On February 19, 2008, Warden M. Carrasco denied Plaintiff's appeal at the second level. *Id.* On June 5, 2008, S. Wright denied Plaintiff's appeal at the

Director's third level review, and N. Grannis, Chief of Inmate Appeals signed the denial. *Id.* at 15.

Plaintiff alleges emotional distress at loss of personal photographs and a manuscript he worked on for three years. *Id.* at 18. Plaintiff alleges loss of records for his criminal habeas case and $1,000 in personal property. *Id.* Plaintiff was prevented from using the law library to timely file a claim with the Victim Compensation Board. *Id.* at 19. Plaintiff alleges he is not seeking money or damages but injunctive relief in the form of return of his personal and legal property and an order directing the CDCR to provide inmates with sixty days to mail personal property to family. *Id.* at 19 & 21. Plaintiff alleges cruel and unusual punishment. *Id.* at 20.

### C. Fourteenth Amendment Due Process Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).

However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Only an authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson*, 468 U.S. at 533. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *See Logan*, 455 U.S. at 436; *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. *Id.*

In Plaintiff's response to the order to show cause, Plaintiff states that Cruz illegally and maliciously destroyed Plaintiff's property. Resp. at 12-13, Doc. 19. Plaintiff's depiction of the relevant events, which include the wrongful, retaliatory confiscation of his personal property, does not support a claim. The type of behavior described by Plaintiff is clearly not authorized by the state and Defendant's unauthorized, bad-faith behavior does not support a federal due process claim. *Hudson*, 468 U.S. at 533.

Plaintiff seeks injunctive relief in the form of the return of his property, but he states in his complaint that his property has been destroyed. Therefore, the Court cannot provide Plaintiff's requested relief. In the absence of a viable claim based on the deprivation of his property, Plaintiff may not seek an injunction mandating the return of the property. 18 U.S.C. § 3626(a)(1)(A); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff also seeks an order directing the CDCR to provide inmates with sixty days to mail personal property to family. The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321–322 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970). Thus, Plaintiff's claim for injunctive relief is not cognizable.

Plaintiff fails to state a § 1983 claim for deprivation of his property. Plaintiff alleges an unauthorized intentional deprivation of his property by a state employee. This is not a violation of the Due Process Clause of the Fourteenth Amendment because California provides a meaningful post-deprivation remedy for the loss. *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-17.

### D. First Amendment Right of Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and

is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To bring a claim, a prisoner must have suffered an actual injury by being shut out of court. *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff fails to state a claim against any Defendants for First Amendment right to access the courts. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered an actual injury by being shut out of court.

### E. Eighth Amendment Cruel and Unusual Punishment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.*

Plaintiff fails to state a claim against any Defendants for Eighth Amendment cruel and unusual punishment. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered injuries rising to a constitutional violation.

### III. Res Judicata

#### A. Legal Standard

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res judicata) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . . " *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in re-litigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

The doctrine of res judicata is applicable to section 1983 actions. *Clark v. Yosemite Comm'y College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986) (noting that there is no exception to the rules

of issue and claim preclusion for federal civil rights actions brought under 42 U.S.C. § 1983). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*

### B. Analysis

Upon review of the complaint, the Court finds that this action is substantively identical to the previously decided case that Plaintiff filed on September 14, 2009, *Hopper v. McDonald, et al.*, 2:09-cv-02563-KJM-GH, which was dismissed, with prejudice, on September 26, 2011, for failure to state a claim.

### 1. Identity of Claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id.* at 1202.

#### a. Plaintiff's Allegations in the Previously Decided Case

Prior to filing the complaint in the instant case, on September 14, 2009, *Hopper v. McDonald, et al.*, 2:09-cv-02563-KJM-GH. In that action, Plaintiff filed a one hundred and thirty-one page complaint, including exhibits, alleging denial of his legal and personal property against Defendants Mike McDonald, Warden at High Desert State Prison ("HDSP"); Robert Ayers, Warden, D.K. Downs, Sergeant Danna, Sission Stewart, R. Walton. *See Hopper v. McDonald*, 2:09-cv-02563-KJM-GH, Compl. at 1, Doc. 1. Plaintiff alleges that on May 1, 2007, Plaintiff was transferred to administrative segregation at PVSP and his property was placed in storage. *Id.* at 16. On September 17, 2007, Plaintiff was transferred to CCI and property officer Cruz illegally held

1  Plaintiff's personal and legal property. *Id.* at 17. On November 25, 2008, Plaintiff sent a letter to the
2  secretary of CDCR, Matthew L. Cate, regarding his missing legal property. *Id.* at 17-18. On
3  December 16, 2008, Plaintiff received a response from N. Grannis, Chief of Inmate Appeals in
4  Sacramento. *Id.* at 18. On March 3, 2009, Plaintiff was transferred from CCI to HDSP. *Id.*

5        On January 15, 2010, Plaintiff filed a seventy-eight page amended complaint, including
6  exhibits, alleging denial of his legal and personal property against Defendants R.K. Wong, Warden
7  at CSP Lancaster; D.K. Downs, Associate Warden at CSP Lancaster; and Uriel Gamboa, Daniel
8  Romero, Dan Hunter, M. Muniz, and Sgt. Danna, correctional officers at CSP Lancaster; C.A.
9  Collins, Appeals Coordinator at CSP Lancaster; N. Grannis, Chief of Inmate Appeals for the CDCR;
10 T. Kots, correctional counselor at HDSP; T. Robertson, Appeals Coordinator for HDSP; and
11 Matthew Cates, Secretary of the CDCR. *See Hopper v. McDonald*, 2:09-cv-02563-KJM-GH, Am.
12 Compl. at 3-5, Doc. 5. In Plaintiff's amended complaint, Plaintiff alleges that from January 2007
13 through May 1, 2007, Plaintiff was "stone-walled" by the PVSP correctional counselor. *Id.* at 14. On
14 May 1, 2007, Plaintiff was placed in ad-seg and became separated from <u>all</u> of his property. *Id.*
15 (emphasis in original). On September 17, 2007, Plaintiff was transferred from PVSP to CCI, where
16 his personal property was illegally detained and ultimately destroyed by corrections officer R. Cruz.
17 *Id.* at 14-15. R. Cruz is not a named defendant because Plaintiff is pursuing that matter
18 independently. *Id.* at 15. From December 2007 through August 2008, Plaintiff waged a difficult and
19 endless campaign to reacquire the documents destroyed by C/O R. Cruz. *Id.* On November 2, 2008,
20 Plaintiff sent a letter to N. Grannis, Chief of Inmate Appeals for CCI. *Id.* at 16. Plaintiff alleges that
21 Defendant N. Grannis, Chief of Inmate Appeals, failed to take action while Plaintiff was housed at
22 PVSP and CCI. *Id.* at 25. Plaintiff received notification from the Victim Compensation and
23 Government Claims Board with respect to his claim regarding lost or destroyed legal materials that
24 the issue would be better addressed through the court system. *Id.* at 13, 33. Plaintiff alleged that his
25 lack of access to his legal property denied him his First Amendment right to access the courts,
26 contributing to the dismissals of his federal habeas petitions. *Id.* at 21-25, 28-29. He alleged that his
27 due process and equal protection rights were violated and that he was subjected to cruel and unusual
28 punishment. *Id.* Plaintiff sought money damages. *Id.* at 30.

On September 26, 2011, the Court adopted findings and recommendations, granting Defendants' motion to dismiss, for failure to state a claim. Doc. 36. In the findings and recommendations, the Court found that Plaintiff's complaint failed to state a claim as to equal protection, cruel and unusual punishment, first amendment denial of access to the courts, due process for loss of personal property, and due process for grievance procedure. Doc. 34.

### b. Legal Standard for Res Judicata as to Alternate Legal Theories

Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995). "Claim preclusion [ res judicata ] refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra*, 465 U.S. at 77 n.1. Claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980); *Lester v. NBC*, 217 F.2d 399, 400 (9th Cir.1954), *cert. denied*, 348 U.S. 954 (1955) ("a judgment's finality applies to facts which might have been pleaded with reference to the same event as well as to those actually pleaded"); *Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir. 1975), *cert. denied*, 423 U.S. 1066 (1976) (res judicata bars "assertion of every legal theory . . . that might have been raised" in first action); *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980) ("res judicata preclusion extends only to claims that arise out of the same 'cause of action' asserted in the prior action").

A § 1983 cause of action may be dismissed as barred by res judicata if a prior court judgment constituted a valid judgment on the merits. *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51 (9th Cir. 1986). Asserting a new legal theory for recovery in a subsequent action does not give rise to a new cause of action; "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim of relief." *Id.* at 851.

Res judicata bars not only every claim that was raised in the prior court but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief, and a plaintiff cannot avoid the bar of claim preclusion merely by

alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see, e.g.*, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957-58 (9th Cir. 2002) (holding that ERISA claim was barred where plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applies where single core of operative facts forms basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applies where factual basis for Title VII claim is same as factual basis for § 1983 claim raised earlier; even though legal theory is different, same wrong is sought to be vindicated in each instance and plaintiff could have amended prior action to include Title VII claim).

### c. Plaintiff's Claims Arise from the Same Transactional Nucleus of Facts as his Prior Case

In the instant case, Plaintiff's claims arise from the same transactional nucleus of facts as his prior case of *Hopper v. McDonald, et al.*, 2:09-cv-02563-KJM-GH. In the instant case and the prior cases, Plaintiff alleges denial of personal and legal property, related to his placement in administrative segregation. *See Hopper v. S. Wright, et al.*, 1:10-cv-00055-GBC, Compl. at 8-9, Doc. 1; Am. Compl. at 6-11, 13-15, 18-21, Doc. 14; *see also Hopper v. McDonald, et al.*, 2:09-cv-02563-KJM-GH, Compl. at 1, 16-18, Doc. 1; Am. Compl. at 3-5, 14-15, 21-25, 28-30, Doc. 5. Indeed, both cases surround Plaintiff's appeals to N. Grannis for denial of his legal and personal property, and Plaintiff raises the same constitutional claims in both cases. In fact, the Court in *Hopper v. McDonald* noted in its findings Plaintiff had not named R. Cruz in his complaint because Plaintiff was pursuing his allegations against R. Cruz "independently." F&R at 5, Doc. 34.

Plaintiff's complaint in the instant case arises from the same transactional nucleus of facts as his prior case, i.e., denial of personal and legal property, related to his placement in administrative segregation. Therefore, the claims in the instant case are barred by res judicata.

//

//

## 2. Final Judgment on the Merits

On September 26, 2011, the Court adopted findings and recommendations, granting Defendants' motion to dismiss, for failure to state a claim. *Hopper v. McDonald, et al.*, 2:09-cv-02563-KJM-GH, Doc. 36.

The Court concludes that the instant case, *Hopper v. S. Wright, et al.*, 1:10-cv-00055-GBC, stems from the claims which were previously litigated in *Hopper v. McDonald, et al.*, 2:09-cv-02563-KJM-GH. "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)." *Stewart*, 297 F.3d at 957.

## 3. Privity Between Parties

The named Defendants in the instant case, S. Wright, facility captain of the CDCR; Fernando Gonzales, Warden of CCI; B. Sanders, correctional lieutenant at CCI; J.G. Lopez, correctional sergeant at PVSP; Correctional Officer Singleton, property officer at PVSP; R. Cruz, property officer at CCI; E. Noyce, correctional sergeant at CCI; and Doe Defendants, are in privity with the named Defendants in the prior case, Mike McDonald, Warden at HDSP; Robert Ayers, Warden, Sission Stewart, R. Walton, R.K. Wong, Warden at CSP Lancaster; D.K. Downs, Associate Warden at CSP Lancaster; and Uriel Gamboa, Daniel Romero, Dan Hunter, M. Muniz, and Sgt. Danna, correctional officers at CSP Lancaster; C.A. Collins, Appeals Coordinator at CSP Lancaster; N. Grannis, Chief of Inmate Appeals for the CDCR; T. Kots, correctional counselor at HDSP; T. Robertson, Appeals Coordinator for HDSP; and Matthew Cates, Secretary of the CDCR as the Defendants in both cases are employees of the CDCR. *See Nordhorn*, 9 F.3d at 1405; *see also Sunshine Anthracite Coal Co.*, 310 U.S. at 402-03; *Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007). 1988)).

## IV. Conclusion

Plaintiff's first amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds

that further leave to amend is not warranted.

The Court finds that the claims in the previously decided case of *Hopper v. McDonald, et al.*, 2:09-cv-02563-KJM-GH, and the instant case of *Hopper v. S. Wright, et al.*, 1:10-cv-00055-GBC, involve the same transactional nucleus of facts against the same Defendants in privity, alleging denial of personal and legal property, related to his placement in administrative segregation.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983 and as barred by res judicata.

IT IS SO ORDERED.

Dated:   May 18, 2012

_____
UNITED STATES MAGISTRATE JUDGE